THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDALL EHRLICH,

                Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

                Defendants.

Case No. 17-01245-RAJ

**ORDER**

      This matter comes before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 33) and Defendants' Motion to Dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. # 16). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Leave to File Second Amended Complaint and **GRANTS** Defendants' Motion to Dismiss.

**I.     BACKGROUND**

      Plaintiff Randall Ehrlich filed his original Complaint against Defendants, United States of America, the United States Postal Service ("USPS"), Sonja Etta Voisine, John Bell, Mike Fletcher, and Does 1-10, on August 16, 2017[1]. Dkt. # 1. Plaintiff filed a First Amended Complaint ("FAC") on August 22, 2017. Dkt. # 6. Defendant United States of America filed a Motion to Dismiss on December 17, 2017. Dkt. # 16. The other Defendants joined Defendant United States of America's Motion. Dkt. ## 22, 23.

---

[1] Plaintiff has not identified Does 1-10 and has made no allegations against them.

ORDER - 1

On May 18, 2017, Plaintiff filed a motion requesting leave to file a Second Amended Complaint ("SAC"). Dkt. # 45.

Plaintiff lives in Seattle, Washington. Dkt. # 6 at ¶ 25. Plaintiff's mailbox is situated on his porch near the front door and is set back from the sidewalk by approximately 20 feet. *Id*. at ¶¶ 27, 28. Defendant Voisine has been the designated USPS letter carrier for Plaintiff's route for several years. *Id*. at ¶ 29. Plaintiff alleges that the USPS improperly put a "dog hold" on his home mail delivery service after Voisine had an encounter with his dog while delivering mail to his home. *Id*. at ¶¶ 32-39. Plaintiff was asked to move his mailbox to the sidewalk on several occasions but did not do so. *Id*. at ¶¶ 39, 50, 54, 56, 69. Plaintiff made several complaints to his local post office, the Ballard Postal Annex to complain about the "dog hold", often calling several times a day. Plaintiff eventually spoke with a representative from USPS Consumer Affairs. *Id*. at ¶ 42. Plaintiff also contacted the Postal Regulatory Commission and sent three letters to the Postmaster General regarding Voisine and his issues receiving his mail. *Id*. at ¶¶ 46, 58-68. However, Plaintiff continued to have difficulty receiving his mail and currently does not receive mail at his street address. *Id*. at ¶ 70.

Plaintiff now seeks to amend his FAC to allege claims under the Federal Tort Claims Act ("FTCA") for outrage, intentional infliction of emotional distress, trespass to chattels, and conversion. Dkt. # 33.

## II.  LEGAL STANDARD

Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides that a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Against this extremely liberal standard, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Defendants moved to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. *See, e.g., Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). In evaluating a 12(b)(6) motion, the Court must liberally construe the complaint in favor of the plaintiff and take its factual allegations as true. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). "[W]hen allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citation and quotation omitted).

### III. DISCUSSION

Defendant United States of America argues that the Court should deny Plaintiff leave to amend his FAC because his proposed claims are barred and allowing him to amend would be futile. Defendant's Response in opposition of Plaintiff's Motion makes essentially the same argument made in its pending motion to dismiss, namely, that this Court lacks subject matter jurisdiction over Plaintiff's claims. Defendant further argues that Plaintiff's proposed FTCA claims are barred by the postal-matter exception to the FTCA, and that even if Plaintiff's proposed FTCA claims were proper, they cannot be brought against the USPS or the individual Defendants. Dkt. # 35. Defendant contends that further amendment would be futile based on its argument that Plaintiff's FAC should be dismissed and that the proposed amendments would merely be adding claims that are also barred.

In enacting the Postal Accountability and Enforcement Act of 2006 ("PAEA"), Congress gave jurisdiction to the Postal Regulatory Commission ("PRC") to hear complaints regarding postal rates and services. The PAEA provides a detailed procedure by which an interested party may lodge a complaint with the PRC. 39 U.S.C. § 3662. After those procedures have been followed, the party may file a petition for review with the United States Court of Appeals for the District of Columbia. 39 U.S.C. § 3663. The PAEA provides that district courts have jurisdiction to enforce, and to enjoin and restrain the USPS from violating, any order issued by the PRC. 39 U.S.C. § 3664. Read together, these provisions demonstrate that this Court lacks jurisdiction to consider service-related complaints in the first instance. *McDermott v. Potter, No.* C09-0776RSL, 2009 WL 2971585, at *3 (W.D. Wash. Sept. 11, 2009), *aff'd sub nom. McDermott v. Donahue*, 408 F. App'x 51 (9th Cir. 2011); *see also LeMay v. United States Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006) (finding that the PRC has exclusive jurisdiction over complaints about unsatisfactory service). Plaintiff's claims are based on his allegations that Defendants improperly placed a "dog hold" on his home mail delivery service, returned his mail to

ORDER - 4

sender, and temporarily suspended his home delivery service. These are clearly service-related complaints, therefore this Court does not have jurisdiction over them[2].

Plaintiff argues that he alleges violations of his First, Fourth and Fifth Amendment rights and tort claims pursuant to the FTCA, and as such, the Postal Regulatory Commission has no jurisdiction over them. Plaintiff alleges that Voisine, in the course of her employment as a USPS mail carrier, improperly issued a "dog hold" on Plaintiff's mail and stopped his home mail delivery until Plaintiff moved his mailbox to a different location. Plaintiff argues that these actions constitute a violation of his First Amendment rights, but provides no legal authority or persuasive argument that Plaintiff has a constitutional right to have mail delivered to a mailbox located at a particular location at his home. While it is undisputed that certain restrictions upon the use of the mail system can implicate the First Amendment, Plaintiff fails to establish that his use of the mail system was restricted to any significant degree, only that he was unable to use the mail system in his preferred manner. *See Currier v. Potter*, 379 F.3d 716, 727 (9th Cir. 2004). Plaintiff retained the right to send and receive his mail at all times relevant to the SAC, just not at the location of his choosing.

Plaintiff also argues that he was retaliated against for "airing his grievances." Dkt. # 30 at 17. "To bring a First Amendment retaliation claim, the plaintiff must allege that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would "chill a person of ordinary firmness" from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016). Plaintiff's mail service issues began as a result of a "dog hold" placed on his home

---

[2] Plaintiff relies on the holding in *Currier v. Potter*, 379 F.3d 716 (9th Cir. 2004) to support his argument that there is a private right of action in 39 U.S.C. § 403(c). Setting aside the fact that Plaintiff both argues that he can bring a claim under § 403(c) and that he is not bringing a claim under § 403(c), the holding in *Currier* predates the enactment of the PAEA, therefore the holding is not binding in this regard. Dkt. # 30 at 6.

ORDER - 5

mail delivery service, not as a result of a constitutionally protected activity. Therefore, he cannot show that any protected activity was a substantial motivating factor in Defendant's conduct. Even assuming that Plaintiff was retaliated against for filing complaints about Voisine, Plaintiff fails to make any allegations supporting an argument that temporary suspension of his home mail delivery would "chill a person of ordinary firmness" from continuing to engage in that activity.

Plaintiff also contends that by "detaining" his mail, Defendant violated his Fourth Amendment rights. While an unreasonable seizure of mail may implicate the Fourth Amendment, Plaintiff cites to no authority and makes no persuasive argument that temporary holding a person's mail at the local post office outside of a law enforcement context constitutes a "seizure" within the meaning of the Fourth Amendment. Plaintiff makes no allegation that his mail was "detained" pending a law enforcement investigation, or that Plaintiff's mail was removed from service for the purposes of an inspection or examination. Plaintiff's mail was held at the local post office for his pick-up, or temporarily returned to sender pending relocation of his mailbox. At no time was Plaintiff's mail actually "seized". *See United States v. Jefferson*, 566 F.3d 928, 933 (9th Cir. 2009).

Plaintiff similarly fails to show that Defendant's actions violated his right to due process under the Fifth Amendment. As with Plaintiff's other constitutional claims, he fails to show how temporary suspension of home mail delivery constitutes a violation of his constitutional rights. Plaintiff argues that he was given no notice explaining that he had a right to challenge the "dog hold", the periods of time when his mail was returned to sender, or the refusal of the USPS to deliver his mail to the mailbox of his choosing. Plaintiff fails to establish that any of these actions deprived him of a protected property interest. Even if Plaintiff could prove that Defendants deprived him of his property, he cannot show he was denied due process. The PRC provides remedies through which a person can file a complaint regarding service-related issues. Plaintiff did not partake of

ORDER - 6

these available remedies. Plaintiff alleges that he did not know he might seek review of Defendants' actions from the PRC, but he contacted the PRC on September 10, 2015 and by his own admission had knowledge of, and access to the online complaint form to the PRC. Dkt. # 30 at 21. The Court finds that Plaintiff's claims are service-related complaints that are within the exclusive jurisdiction of the PRC. Plaintiff also fails to state a claim for violations of his First, Fourth and Fifth Amendment rights.

Plaintiff seeks to amend his FAC to allege claims under the Federal Tort Claims Act ("FTCA"). Defendant argues that Plaintiff's proposed claims are barred by the postal-matter exception to the FTCA. Defendant further argues that even if Plaintiff's proposed FTCA claims were proper, they cannot be brought against the USPS or the individual Defendants. Tortious activities by the USPS, including negligence, are encompassed by the FTCA's limited waiver of sovereign immunity. 39 U.S.C. § 409(c). However, under 28 U.S.C. § 2680(b), sovereign immunity is not waived for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b); *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 488 (2006). Pursuant to the postal-matter exception, the USPS retains sovereign immunity "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. While Plaintiff argues that his claims are premised on Defendant intentionally "arresting, redirecting, refusing to deliver, and returning to sender his letters and postal matter," Plaintiff's alleged injuries arise out of the failure of his mail to arrive at his home, delay in his ability to have access to his mail, or the fact that his mail was not delivered at the specific place of his choosing. Plaintiff's proposed claims fall within the postal-matter exception of the FTCA. Therefore, the Court lacks jurisdiction over his claims.

Even if Plaintiff's proposed FTCA claims did not fall within the postal-matter exception of the FTCA, he cannot bring them against the USPS or the individual defendants named in his proposed SAC. Under the FTCA, Defendant United States of

ORDER - 7

America is the sole party which may be sued for injuries that arise out of the negligence of its employees. 28 U.S.C. §§ 1346(b), 2679(a). The United States of America may be held civilly liable for the torts of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). The USPS, as an individual agency of the United States of America, may not be sued under the FTCA. *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). Similarly, all of the claims against the individual Defendants are related to actions taken within the course and scope of their employment, as such, the United States would be the proper Defendant for those claims[3]. Therefore, even if Plaintiff's proposed FTCA claims were not barred by the postal-matter exception, allowing amendment to include those claims would still be futile.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 33) and **GRANTS** Defendants' Motion to Dismiss (Dkt. # 16).

Dated this 26th day of July, 2018.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[3] Plaintiff makes several allegations regarding Voisine's actions towards his neighbors, however, Plaintiff lacks standing to pursue FTCA claims based on actions involving other individuals that did not directly injure him. Plaintiff's remaining relevant allegations are insufficient to support his other tort claims.

ORDER - 8

ORDER - 9